IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GREGORY WAYNE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-01074-CV-W-ODS |
| ) | |
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| Office of the Inspector General, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION (1) DENYING PLAINTIFF'S MOTION FOR DEFAULT, (2) DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT, AND (3) GRANTING DEFENDANT'S MOTION TO DISMISS

Pending are Plaintiff's Motion for Default (Doc. #11), Plaintiff's Request for Entry of Default (Doc. #13), and Defendant's Motion to Dismiss (Doc. #17). For the following reasons, Plaintiff's motion and request are denied, and Defendant's motion is granted.

### I. Plaintiff's Motion and Request for Default

To serve a United States agency, such as Defendant Equal Employment Opportunity Commission ("EEOC"), a party must "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought" and send a copy of the summons and complaint "by registered or certified mail to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1)(A)-(B). On December 23, 2016, Plaintiff sent copies of the complaint and summons via certified mail to the United States Attorney in the Western District of Missouri, and the Department of Justice in Washington, D.C. Docs. #9-10. The United States Attorney received the complaint and summons on December 27, 2016. Doc. #9, at 2.[1] On February 27, 2017, the EEOC filed a motion to dismiss. Doc. #17. Plaintiff argues the EEOC failed to timely plead, and default should be entered. Docs. #11-14.

---

[1] The return of process for the Department of Justice does not reflect a signature or the date it was received by the Department of Justice. Doc. #10, at 2.

A court may enter default judgment against a defendant found to be in default for failure to plead or otherwise defend. Fed. R. Civ. P. 55. Although Plaintiff mailed the summons and complaint on December 23, 2016, the United States Attorney did not receive it until December 27, 2016. Doc. #9. Pursuant to the Federal Rules of Civil Procedure, a United States agency must respond to the complaint "within 60 days after service on the United States attorney." Fed. R. Civ. P. 12(a)(2). This deadline is also reflected on the summons served by Plaintiff on the United States Attorney: "[w]ithin 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are…a United States agency… – you must serve on the plaintiff an answer…or a motion under Rule 12…." Doc. #9, at 1.

The EEOC's deadline to answer or file a Rule 12 motion was February 25, 2017. Because the deadline fell on a Saturday, the deadline was continued until Monday, February 27, 2017. *See* Fed. R. Civ. P. 6(a)(1)(C) (stating "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."). The EEOC filed its Rule 12 motion on February 27, 2017, and in so doing, timely defended this lawsuit. *See* Fed. R. Civ. P. 12(a)(2). Accordingly, Plaintiff's motion and request for default are denied.

## II.     The EEOC's Motion to Dismiss

The EEOC moves to dismiss this matter. Doc. #17. The EEOC argues Plaintiff's claims are barred by sovereign immunity. Alternatively, the EEOC contends Plaintiff's Complaint fails to state a claim upon which may be granted.

The EEOC is a federal agency that enforces statutes prohibiting discrimination, harassment, and retaliation. The United States and its agencies are immune from suit unless immunity has been waived, and there is consent to the suit. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). "The government can only be sued in the manner in which it consents to be sued and by clear statutory authority evidencing consent and conferring jurisdiction on the district court to hear the action." *Pitchford v. EEOC*, Case No. 11CV00064, 2012 WL 12897899, at *1 (E.D. Ark. Sept. 24, 2012) (citation omitted). A waiver of sovereign immunity must be "unequivocally expressed." *United States v. Nordic Vill. Inc.*, 503 U.S. 30, 33-34 (1992) (citations omitted).

2

Case 4:16-cv-01074-ODS     Document 20     Filed 04/05/17     Page 2 of 3

Plaintiff's Complaint alleges the Court has jurisdiction pursuant to 5 U.S.C. § 301. That statute simply authorizes the heads of executive departments to prescribe regulations governing their respective departments. It does not waive sovereign immunity. And the EEOC has not consented to be sued. Accordingly, Plaintiff's claims are barred by sovereign immunity. For this reason, the EEOC's motion to dismiss is granted.

In response to the EEOC's motion to dismiss, Plaintiff contends the EEOC does not have immunity from suit under the Federal Tort Claims Act ("FTCA"). Doc. #18, at 1. The FTCA waives sovereign immunity for money damages for "claims against the United States for money damages for personal injury or death caused by the negligent or wrongful act or omission of federal employees under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011) (quoting 28 U.S.C. § 1346(b)(1)) (internal quotations omitted). Plaintiff, however, has not alleged a claim under the FTCA. Consequently, the limited waiver of sovereign immunity under the FTCA does not apply. For this additional reason, the EEOC's motion to dismiss is granted.[2]

### III.    Conclusion

For the foregoing reasons, Plaintiff's motion and request for default are denied, and Defendant's motion to dismiss is granted.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE:  April 5, 2017          UNITED STATES DISTRICT COURT

---

[2] Because the Court is granting the EEOC's motion to dismiss on the basis of sovereign immunity, the Court does not need to consider the EEOC's alternative argument for dismissal.

3